# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| RICKEY HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV418-234 |
| | ) |
| FEDERAL NATIONAL MORTGAGE | ) |
| ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Rickey R. Harris has filed a complaint in this Court for violations of 11 U.S.C. § 548 and the Due Process Clause. Doc. 1 at 3. Although his complaint is difficult to follow, it appears that he resided in a home owned by a trust, but that Dietech Financial removed that trust from ownership and transferred the property to defendant Federal National Mortgage Association. *Id.* Defendant then filed an eviction proceeding in the State Court of Georgia to remove plaintiff. *Id.* Plaintiff alleges that this eviction occurred "without due process." *Id.* The Court now screens the Complaint pursuant to 28 U.S.C.

§ 1915(e)(2),[1] which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim.[2]

This Court lacks jurisdiction to hear plaintiff's complaint. First, Plaintiff has brought a claim under 11 U.S.C. § 548. That provision allows bankruptcy trustees, subject to certain provisions, to "avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made . . . within 2 years before the date of the filing of the petition." *Id.* However, plaintiff has not alleged either that he is a trustee or—indeed—that he is in bankruptcy. Accordingly, 11 U.S.C. § 548 is not the proper vehicle for this complaint and cannot act to confer federal jurisdiction.

---

[1] District courts have the inherent power to dismiss *sua sponte* frivolous lawsuits, even those where the plaintiff pays the full filing fee. *See Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184 at * 2 (11th Cir. 2012) (notwithstanding filing fee payment, "a district court has the inherent authority to dismiss a patently frivolous complaint"); *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n.3 (11th Cir. 1983) (noting that courts may *sua sponte* dismiss actions for lacking merit "if the proper procedural steps are taken and if the determination is correct on the merits"); *Wilkerson v. Georgia*, 2014 WL 3644179 at * 1 (S.D. Ga. July 21, 2014) (dismissing pro se complaint on frivolity grounds even though plaintiff paid full filing fee), *rev'd on other grounds by* 618 F. App'x 610 (11th Cir. 2015).

[2] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

In addition to his bankruptcy claim, plaintiff has also sued under the Due Process Clause. Doc. 1 at 3. Plaintiff has sued the Federal National Mortgage Association ("Fannie Mae"). *Id.* at 1. In order to be subject to a due process claim, however, defendant must be a state actor and Fannie Mae is not. *See Matveychuk v. One West Bank, FSB*, 2016 WL 4059681, *3 (N.D. Ga. Jan. 28, 2016) ("[E]very court to directly address the question of Fannie Mae's status 'consistently found that Fannie Mae is not a government actor for purposes of a constitutional claim.'"); *see also Williams v. Fed. Nat'l Mortg. Assoc.*, 2013 WL 5361211 at *2 n.3 (N.D. Ga. Sept. 25, 2013); *Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 168 (6th Cir. 2014); *Herron v. Fannie Mae*, 857 F. Supp. 2d 87, 95-96 (D.D.C. 2012) ("[b]ecause conservatorship is by nature temporary, the government has not acceded to permanent control over [Fannie Mae.]"). Because defendant is not a state actor, plaintiff cannot sue it under the Due Process Clause.

Of course, even if plaintiff could pursue claims under 11 U.S.C. § 548 or the Due Process Clause, the Court would lack jurisdiction over plaintiff's claims. Plaintiff is seeking a writ of injunction against Fannie Mae, a writ of possession of the disputed property, and

3

$10,000,000.00 in damages. Doc. 1 at 5. In effect, plaintiff asks this Court to unwind an already concluded state eviction proceeding. Doc. 1 at 4 ("State Court of Georgia granted eviction without due process"). However, "[t]he Rooker-Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). Under this well-established doctrine, "federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (*citing District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)). By challenging his eviction, plaintiff is asking this Court to overturn a final judgment of a state court of competent jurisdiction. This the Court cannot do. Plaintiff's claims—along with his Motion for Preliminary Injunction, doc. 2—should be **DISMISSED** for lack of jurisdiction.[3] His

---

[3] In theory, plaintiff *might* be able to bring a claim for the *method* in which the eviction was carried out without running afoul of Rooker-Feldman. No such claim is brought here. Plaintiff merely states that the eviction occurred without "due process." Doc. 1 at 4. While the court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by

4

motions for a conference, doc. 5, and an extension of time, doc. 7, are further **DENIED** as moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

---

an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court will not re-write the complaint to manufacture other claims for a litigant. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this <u>24th</u> day of April, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA